IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| *In re: Salubrio, LLC* <br> DOUGLAS K. SMITH, MD <br> *Appellant,* <br><br> v. <br><br> BRIDGEHEAD NETWORKS, INC., <br> *Appellee.* | § <br> § <br> § <br> §     SA-21-CV-00868-XR <br> § <br> §     BANKRUPTCY CASE NO. <br> §     20-50578-RBK <br> § <br> § |

## ORDER

On this date, the Court considered a motion to dismiss filed by Appellee Bridgehead Networks, Inc. ECF No. 3. Appellant Douglas K. Smith, MD did not file a response, and the time to do so has now passed. For the reasons discussed more fully below, the Court **GRANTS** the motion.

## BACKGROUND

On August 31, 2021, the United States Bankruptcy Court in the Western District of Texas granted a first interim fee application filed by Appellee Bridgehead Networks, Inc. ("BHN") in *In re Salubrio, LLC*, No. 20-50578-rbk (Bankr. W.D. Tex. 2020). ECF No. 1-1, at 3–4. The order approved, on an interim basis, $250,937.50 to BHN for services rendered to the trustee in the bankruptcy proceeding from September 24, 2020 through June 30, 2021. *Id.* at 4. On September 10, 2021, Appellant Douglas K. Smith, MD ("Smith") filed a Notice of Appeal in the bankruptcy court, seeking review of the bankruptcy court's order. ECF No. 1, at 3. Thereafter, on September 20, 2021, BHN filed the instant motion to dismiss. ECF No. 3.

**DISCUSSION**

I.   **Legal Standard**

"Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals 'from final judgments, orders, and decrees' of the bankruptcy court, as well as interlocutory orders and decrees from which the district court has granted leave to appeal." *In re Tullius*, 500 F. App'x 286, 288 (5th Cir. 2012) (citing 28 U.S.C. § 158(a)(1), (3)). To appeal a bankruptcy court's interlocutory order, an appellant "must file a notice of appeal, accompanied by a motion for leave to appeal." *In re O'Connor*, 258 F.3d 392, 397 (5th Cir. 2001); *see also* FED. R. BANKR. P. 8004(a)(2). If the appellant fails to file the required motion for leave to appeal, but timely files a notice of appeal, the district court may nonetheless "treat the notice of appeal as a motion for leave and either grant or deny it." FED. R. BANKR. P. 8004(d). A notice of appeal from an interlocutory order is timely if the notice is filed with the bankruptcy clerk no later than fourteen days after entry of the interlocutory order. *See* FED. R. BANKR. P. 8004(a)(1); FED. R. BANKR. P. 8002(a)(1).

"While § 158(a) and the Federal Rules of Bankruptcy Procedure do not expressly indicate the standard that should be used in considering whether to grant leave to appeal interlocutory orders from a bankruptcy court, the Fifth Circuit has stated that, 'the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders.'" *In re Cella III, LLC*, 619 B.R. 627, 633 (E.D. La. 2020) (quoting *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991)). Under § 1292(b), a district court must consider the following three factors to determine whether an interlocutory appeal of a bankruptcy court order is proper: "(1) whether a controlling issue of law is involved; (2) whether the question is one where there is substantial ground for difference of opinion; and (3) whether an immediate appeal would materially advance the ultimate termination of the litigation." *Id.* (citing

*Ichinose*, 946 F.2d at 1177). Further, "[t]he party seeking interlocutory review has the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after final judgment." *In re Delta Produce*, No. SA 12-MC-1164-DAE, 2013 WL 3305537, at *2 (W.D. Tex. June 28, 2013). "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *O'Connor*, 258 F.3d at 399–400.

**II.   Analysis**

BHN asserts that the bankruptcy court's order approving compensation on an interim basis is an interlocutory order. *See* ECF No. 3 ¶¶ 1–3. BHN contends that Smith has failed to request leave to appeal an interlocutory order and, in any event, cannot satisfy the applicable standard justifying leave to appeal the bankruptcy court's interlocutory order granting BHN's first interim fee application for compensation. *See id.* ¶¶ 5–8. BHN therefore asks the Court to dismiss this appeal for lack of jurisdiction. *See id.* ¶ 9.

**A.   The bankruptcy court's order is an interlocutory order and generally not subject to review.**

An order is an interlocutory order if the order "is not final and is subject to modification at the conclusion of the [bankruptcy] proceeding[.]" *Matter of Cluck*, 101 F.3d 1081, 1082 (5th Cir. 1996). Accordingly, "an interim award of compensation granted by a bankruptcy court in an ongoing bankruptcy proceeding generally is an interlocutory order which is not subject to review." *Id.* at 1082. Indeed, "[i]nterim awards are, by definition, not final[,]" *In re Stable Mews Assocs.*, 778 F.2d 121, 123 n.3 (2d Cir. 1985), "and often require future adjustments[,]" *Matter of Evangeline Ref. Co.*, 890 F.2d 1312, 1321 (5th Cir. 1989).

Here, Smith seeks to appeal the bankruptcy court's order granting BHN's first interim fee application for compensation. ECF No. 1, at 3. The order, on its face, is a first interim award of

compensation in an apparently ongoing bankruptcy proceeding. Smith failed to file either a response to the instant motion to dismiss or a designation of record and statement of issues on appeal. Thus, nothing before the Court suggests that the order Smith challenges is a final fee award and no longer subject to modification in the underlying bankruptcy proceeding. *See Matter of Pericone*, No. CV 10-152, 2010 WL 11541706, at *5 (E.D. La. Feb. 25, 2010) (quoting *In re Yermakov*, 718 F.2d 1465, 1469 (9th Cir. 1983)) ("Several courts of appeal have held that an order granting fee application in a bankruptcy proceeding is a final order, judgment, or decree if it 'conclusively determine[s] the entire Section 330 compensation to be paid the appellees.'"); c*f. Evangeline*, 890 F.2d at 1321 (reviewing final fee award).

The Court, therefore, finds that the order Smith seeks to appeal is an interlocutory order and generally not subject to review.

### B. Leave to appeal the bankruptcy court's interlocutory order is not warranted.

Federal district courts have jurisdiction to hear appeals of interlocutory orders arising from a bankruptcy proceeding with leave of court. 28 U.S.C. § 158(a)(3). To obtain leave of court, an appellant usually must "file a notice of appeal, accompanied by a motion for leave to appeal." *O'Connor*, 258 F.3d at 397; *see also* FED. R. BANK. P. 8004(a)(2). However, if the appellant fails to file a motion for leave to appeal, but timely files a notice of appeal, the district court may "treat the notice of appeal as a motion for leave and either grant or deny it." FED. R. BANKR. P. 8004(d).

Smith failed to file a motion for leave to appeal, but he filed a notice of appeal on September 10, 2021, *see* ECF No. 1, at 3, within fourteen days of August 31, 2021, when the bankruptcy order issued the order he seeks to appeal, *see* ECF No. 1-1, at 3. Because Smith timely filed a notice of appeal, the Court, in its discretion, treats his notice of appeal as a motion for leave to appeal. *See In re Royce Holmes LP*, 466 B.R. 81, 93 (S.D. Tex. 2012) (treating appellant's notice

of appeal as a motion for leave to appeal an interlocutory order). Doing so, however, does not establish that leave to appeal the bankruptcy court's interlocutory order is warranted in this case.

To determine whether an interlocutory appeal of the bankruptcy court's order is warranted, this Court must consider whether the order involves a controlling question of law as to which there is substantial ground for difference of opinion and whether an immediate appeal from the order would materially advance the ultimate termination of the bankruptcy proceeding. *See* 28 U.S.C. § 1292(b); *see also Cella*, 619 B.R. at 633 (citing *Ichinose*, 946 F.2d at 1177). The bankruptcy court's order granting BHN's interim fee application for compensation presents no apparent controlling question of law, let alone a substantial ground for difference of opinion on a controlling question of law. "The Bankruptcy Code specifically provides for the award of interim compensation[,]" *Evangeline*, 890 F.2d at 1321 (citing 11 U.S.C. § 331), and the bankruptcy court has considerable discretion in awarding compensation, *see* 11 U.S.C. § 330; *see also In re Woerner*, 783 F.3d 266, 273 (5th Cir. 2015) ("Section 330 gives a bankruptcy court discretion to determine the amount of reasonable compensation."). In addition, an immediate appeal from the bankruptcy court's order likely would not materially advance the ultimate termination of the bankruptcy proceeding. On the contrary, additional litigation in this Court "will only further delay . . . the termination of the underlying litigation." *In re Red River Energy, Inc.*, 415 B.R. 280, 286 (S.D. Tex. 2009). Further, by failing to file an actual motion for leave to appeal, a response to the instant motion to dismiss, a designation of record, or a statement of issues on appeal, Smith has failed to meet his burden of persuading the Court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after final judgment. *See Delta Produce*, 2013 WL 3305537, at *2.

As a result, the Court finds that leave to appeal the bankruptcy court's interlocutory order is not warranted. Having found that leave to appeal is not warranted, the Court further finds that it does not have jurisdiction to hear an appeal of the bankruptcy court's interlocutory order. *See* 28 U.S.C. § 158(a)(3); FED. R. BANKR. P. 8004; *see also In re Highland Cap. Mgmt., L.P.*, No. 3:21-CV-0879-K, 2022 WL 394760, at *5 (N.D. Tex. Feb. 9, 2022). The Court, therefore, must dismiss this appeal for lack of jurisdiction.

## CONCLUSION

Accordingly, Appellee's Motion to Dismiss (ECF No. 3) is hereby **GRANTED**. This appeal is **DISMISSED WITHOUT PREJUDICE**, and the Clerk's Office is **DIRECTED** to close this appeal.

It is so **ORDERED**.

**SIGNED** this March 21, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE